IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 1:22-CR-240 (DDD)

UNITED STATES OF AMERICA

v.

RICHER BRIYAN VALLE-RAUDALES,

    Defendant.

---

**RICHER BRIYAN VALLE-RAUDALES'S NOTICE THAT HE INTENDS TO ADMIT THE SECOND ALLEGATION IN THE PETITION AND REQUEST FOR A SENTENCE OF FOUR MONTHS WITHOUT A TERM OF SUPERVISED RELEASE TO FOLLOW**

---

Richer Briyan Valle-Raudales, through undersigned counsel, files the following notice to the Court and requests the Court and impose a sentence of four months – with no supervision to follow. Mr. Valle-Raudales's hearing is scheduled for February 24, 2023. Docket Entry Number ("DE") 11.

## INTRODUCTION

Mr. Valle-Raudales was convicted of violating 8 U.S.C. § 1326, illegal reentry. DE 2:8. On September 30, 2019, he was given a three-year probated sentence, *id.* at 3, which included a condition that he not illegally reenter the United States in the United States District Court for the District of Utah. *Id.* at 12.

A petition to revoke Mr. Valle-Raudales's probation was filed in the District of Utah on June 17, 2022. DE 2. That case was transferred to this District on July 26, 2022. DE 1. On September 20, 2022, probation filed a superseding petition alleging Mr. Valle-Raudales:

> **(1)** On or about April 29, 2022, the defendant committed Illegal Re-Entry After Removal, in violation of 8 U.S.C. §1326(a), (b)(1). This is a Class C Felony, which constitutes a Grade B violation of probation.
>
> On April 28, 2022, the defendant was arrested on new criminal allegations of Assault-DV, by the Denver Police Department. Based on his arrest for new criminal

allegations, on April 29, 2022, the defendant was identified by fingerprint identification by the Denver Police Department. Ultimately no charges were filed, and the defendant was released from custody.

Thereafter, on June 17, 2022, the defendant was arrested by Immigration and Customs Enforcement (ICE) officials on the instant supervised release violation warrant. A supplemental fingerprint identification was made by ICE, resulting in a new criminal complaint being filed for Illegal Re-Entry After Removal.

On June 30, 2022, the defendant was charged in the District of Colorado with Illegal Re-Entry after Removal, in violation of 8 U.S.C. § 1326(a), and (b)(1). On July 20, 2022, the defendant was ordered detained in this matter.

### AND

**(2)** On or about April 29, 2022, the defendant illegally re-entered the United States, which constitutes a Grade C violation of supervised release.

On or about April 29, 2022, the defendant was arrested on new criminal charges in Denver, Colorado. He did not have the express consent of the Attorney General and/or any statutorily authorized official for re-application for admission to the United States, after previously having been excluded, deported, and removed from the United States.

DE 4:1 – 2. Probation indicated that its preliminary calculation of the sentencing guideline range for the alleged violations, based on a Grade C violation, as six to twelve months. *Id.* at 3. By the date of this hearing, he will have been in custody for a total of 208 days, or six months and twenty-five days. DE 7:1. Probation recommends a sentence of six months without a supervision to follow.[1] *Id.* at 3. Probation has recommended that sentence to run consecutively to the sentence imposed in Case Number 1:22-CR-226 (DDD).[2]

---

[1] Because Mr. Valle-Raudales has already been in custody for more than six months, probation is essentially recommending a sentence of time served.
[2] The government and Mr. Valle-Raudales have worked out a resolution of both this case and the offense alleged in Case Number 1:22-CR-226 (DDD). Pursuant to that agreement, if Mr. Valle-Raudales admits a Grade C violation (which carries a guideline range of 4 – 10 months), agrees to a sentence of four months in this case, and enters into a plea agreement in Case Number 1:22-CR-226 (DDD) – charging a new § 1326 and agrees not to request a sentence below eight months, it would recommend a sentence of four months in this case, to run consecutive to an eight month sentence in Case Number 1:22-CR-226 (DDD) for a total sentence of twelve months. Mr. Valle-Raudales has entered a plea in Case Number 1:22-CR-226 (DDD) and agreed to not request a

Mr. Valle-Raudales admits the second violation – a Grade C violation, DE 4:1. The guideline range for a Grade C violation coupled with a criminal history category of II is four to ten months. U.S.S.G. § 7B1.4. Mr. Valle-Raudales requests a sentence of four months' imprisonment, consistent with his agreement with the government.

## LAW

> In imposing a sentence following revocation of supervised release, a district court is required to consider both Chapter 7's policy statements, *see United States v. Tedford*, 405 F.3d 1159, 1161 (10th Cir. 2005), as well as a number of the factors provided in 18 U.S.C. § 3553(a), see 18 U.S.C. §§ 3583(e), 3584(b).

*United States v. Cordova*, 461 F.3d 1184, 1188 (10th Cir. 2006); *United States v. Patton,* 506 Fed. Appx. 729, 731 (10th Cir. 2012) ("[t]he judge must consider [certain] factors in 18 U.S.C. § 3553(a) and the policy statements in Chapter 7 of the Sentencing Guidelines (Brorby, J.)) (brackets in original). *See also United States v. Lee,* 147 F. Supp. 3d 1253, 1266 (D.N.M. 2015), *aff'd,* 650 Fed. Appx. 948 (10th Cir. 2016) (the Court must determine whether the defendant has violated the conditions, whether to revoke supervised release, and, if so, what punishment to impose for the violation).

The Chapter 7 policy statements suggest an imprisonment range of between four and ten months. "The court may order a special condition of supervised release, as a further condition of supervised release, to the extent that such condition –

> (1) is reasonably related to the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D);
>
> (2) involves no greater deprivation of liberty than is reasonably necessary for the purposes set forth in section 3553 (a)(2)(B), (a)(2)(C), and (a)(2)(D); and
>
> (3) is consistent with any pertinent policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a) . . ."

---

sentence below eight months. This case and Case Number 1:22-CR-226 (DDD) are scheduled to be resolved at the same time.

18 U.S.C. § 3583(d). The United States Court of Appeals for the Tenth Circuit required that supervised release conditions "be linked to the offense and be no broader than necessary to rehabilitate the defendant and protect the public." *United States v. Smith*, 606 F.3d 1270, 1282 (10th Cir. 2010).

The omission of § 3553(a)(2)(A) in the consideration of supervised release conditions has led courts to infer that "the primary purpose of supervised release is to facilitate the reentry of offenders into their communities, rather than to inflict punishment." *United States v. Murray*, 692 F.3d 273, 280 (3d Cir. 2012); *see also United States v. Thompson*, 777 F.3d 368, 374 (7th Cir. 2015) (quoting *Murray*, 692 F.3d at 280). The omitted subsection includes consideration of "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A).

As one District Judge observed in *United States v. Lee*, 147 F. Supp. 3d 1253, 1270 (D. N.M. 2015), *aff'd*, 650 Fed. Appx. 948 (10th Cir. 2016), "In meeting the goals of supervised release, the emphasis should be on the violation, not the underlying offense."

> For example, when it considers the "nature and circumstances of the offense," it may consider how the defendant arrived before the Court, but its focus and emphasis in coming up with a disposition, should be on the nature and circumstances of the new violation. If the Court is going to consider the seriousness of the offense, the seriousness of the underlying offense is largely irrelevant, unless the violation is just the same thing as the underlying offense. In any case, the focus and emphasis, if seriousness is considered at all, should be on the seriousness of the new violation.

*Id., citing United States v. v. Lewis*, 498 F.3d 393, 400 (6th Cir. 2007); *see also United States v. Massa*, 732 Fed. Appx. 119, 121 (3d Cir. 2018) (In supervised release violation sentencing district courts may consider "the nature and circumstances of the offense of the [present] violation.").

### Argument

This Court should sentence Mr. Valle-Raudales to four-months' imprisonment with no additional supervision to follow. As noted above, the primary purpose of supervised release is "to

facilitate the reentry of offenders into their communities, rather than to inflict punishment." *Murray*, 692 F.3d at 280. Knowing that Mr. Valle-Raudales will be removed to Honduras following his term of imprisonment, the imposition of a term of supervision to follow that removal will not serve "to facilitate [his] reentry ... into [his] communit[y]." *Id.* That goal does not require probation's supervision; that task will be accomplished when Mr. Valle-Raudales is removed following his confinement.

## CONCLUSION

Wherefore, Mr. Valle-Raudales admits the allegations in the Petition to revoke his supervised release and asks the Court to impose of sentence of four months' imprisonment without any supervision to follow.

Respectfully submitted, this 10th day of February 2023.

                VIRGINIA L. GRADY
                Federal Public Defender

                *s/ Jared Scott Westbroek*
                JARED SCOTT WESTBROEK
                Assistant Federal Public Defender
                633 17th Street, Suite 1000
                Denver, CO  80202
                Telephone:  (303) 294-7002
                FAX:  (303) 294-1192
                Email:  jared_westbroek@fd.org
                Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2023, I electronically filed the foregoing **RICHER BRIYAN VALLE-RAUDALES'S NOTICE THAT HE INTENDS TO ADMIT THE SECOND ALLEGATION IN THE PETITION AND REQUEST FOR A SENTENCE OF FOUR MONTHS WITHOUT A TERM OF SUPERVISED RELEASE TO FOLLOW** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Albert C. Buchman, Assistant United States Attorney
Email: al.buchman@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Richer Briyan Valle-Raudales (Via U.S. Mail)

s/ Jared Scott Westbroek
JARED SCOTT WESTBROEK
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (603) 294-7002
FAX:  (603) 294-1192
Email:  jared_westbroek@fd.org
Attorney for Defendant